IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 96-40875
Summary Calendar

---

BARRY ALEXANDER,

Plaintiff-Appellant,

versus

MARY CHOATE, Sheriff;
BOWIE COUNTY CORRECTIONAL CENTER;
CORPORAL HOUFF,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Texas

(5:96-CV-56)

April 7, 1998

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Barry Alexander, formerly incarcerated at Bowie County Correctional Center, appeals the dismissal of his civil rights complaint. Alexander contends that jail guards violated his constitutional rights by using force against him on February 25, 1994. Specifically, he contends for the first time on appeal that (1) prison policy was violated because his injuries amounted to punishment and he was not given a hearing before his injuries were

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

inflicted, (2)his right to due process was violated, and (3)his right to equal protection was violated.

As an initial matter, we must determine the proper standard of review. In this circuit,

> a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

Douglass v. United Servs. Auto Ass'n., 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). Though the magistrate judge warned Alexander of these consequences, Alexander did not file any objections to the magistrate's report. For that reason, we review the judgment of the district court for plain error.[1]

After a careful review of the record and the controlling authorities, we hold that the district court did not plainly err in dismissing Alexander's claims against the defendants named in his complaint. Alexander's allegations against Choate and Houff are

---

[1]Plain error review gives appellate courts discretion to correct forfeited errors only when an appellant shows that there is an error, the error is clear or obvious, and the error affects his substantial rights. Douglass, 79 F.3d at 1424 (citing United States v. Calverly, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc)). Even if these factors are established, this court may decline to exercise its discretion and correct the error unless the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. McDowell, 109 F.3d 214, 216 (5th Cir. 1997).

insufficient to establish personal participation in Alexander's injuries or to establish that either was responsible for the practices Alexander protests. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Similarly, Alexander's allegations against BCCC are also insufficient. Alexander contends that BCCC is liable for his injuries because he was injured inside its facility. Such allegations fail to state a basis for municipal liability. See Colle v. Brazos County, Texas, 981 F.2d 237, 244 (5th Cir. 1993).

After a careful review of the record and the controlling authorities, we also find that the district court did not commit plain error with regard to the possible liability of Officer Smallwood and the other guards involved in the incident. See Highlands Ins. Co. v. National Union Fire Ins. Co., 27 F.3d 1027, 1032 (5th Cir. 1994), cert. denied, 513 U.S. 1112 (1995).

Finally, Alexander contends, for the first time on appeal, that prison officials violated prison policies because he was not given a hearing before he was injured in violation of his due process and equal protection rights. However, the failure of prison officials to follow prison rules and regulations does not, without more, give rise to a constitutional violation. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996). Accordingly, the district court did not plainly err in dismissing his due process claim. Alexander offered no factual or legal support for his sweeping assertion that his rights under the Equal Protection Clause were violated. For that reason, the district court did not

3

plainly err in dismissing his equal protection claim. <u>See</u> <u>Brinkman v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.